IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                                                          )<br>                                                              ) Criminal No. 20-218<br>MANUEL J. MURRIETTA,                        )<br>                                                              )<br>    Defendant.                                     ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Manuel J. Murrietta's second Emergency Motion for Temporary Release Under 18 U.S.C. § 3142(i) in which he requests to be released from the Allegheny County Jail ("ACJ") due to health concerns associated with the COVID-19 pandemic. (Docket Nos. 561, 578). The Government opposes Defendant's request. (Docket No. 571). After careful consideration of the parties' positions and a review of the record, the Court once again concludes that Defendant's temporary release is not warranted under § 3142(i), and his Motion will be denied without prejudice.[1]

**I.   BACKGROUND**

Defendant and 26 others are charged in Count One of the Indictment with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 3). Following a detention hearing, a magistrate judge in the District of Arizona released Defendant on bond and the Government moved to revoke the release order. (Docket Nos. 131, 226-6). After extensive briefing on the matter, on December 23, 2020, this Court granted the Government's motion, revoked Defendant's bond, and ordered that he shall be

---

[1]   The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i). As such, the Court renders its decision based on the parties' briefing and the record in this case.

1

detained pending trial or other disposition of this matter. (Docket Nos. 472, 473). In so ruling, the Court considered the four factors set forth in 18 U.S.C. § 3142(g) and found that there is no condition or set of conditions which will reasonably assure Defendant's appearance as required and the safety of the community if he were to be released. (Docket No. 472 at 13-21).

In December 2020, Defendant filed his first Motion for temporary release from pretrial detention from the Northeast Ohio Correctional Center, where he was incarcerated at the time, contending that his extreme obesity and type 2 diabetes coupled with the presence of COVID-19 at the facility constituted a compelling reason for temporary release under § 3142(i). (*See* Docket No. 410). On January 29, 2021, the Court denied Defendant's motion without prejudice, finding that his medical conditions did not constitute a sufficiently compelling reason for release but, even if they so qualified, the original grounds for his pretrial detention continued to support his detention (the "January 29th Order"). (Docket No. 545 at 5-6).

On February 23, 2021, Defendant filed his second Motion under § 3142(i), arguing for temporary release from the ACJ, where he recently was transferred, because of inadequate medical care and a COVID-19 outbreak at the facility. (*See* Docket No. 561). Defendant claims that the ACJ was not providing adequate medical care because his gabapentin medication, which previously was prescribed to treat pain associated with his diabetic peripheral neuropathy, was abruptly stopped after he arrived at the facility on February 11th, purportedly because of a general policy against administering that medication. (*Id.* at 2-3). Additionally, Defendant asserts that he faces an unreasonable risk of contracting COVID-19 at the ACJ because there were 38 active cases when he filed his Motion, and it is unclear whether the facility is able to treat the virus based on his initial experience there. (*Id.* at 4-5).

On March 1, 2021, the Government filed its Response opposing Defendant's Motion, pointing out that, as of February 26th, the ACJ medical staff was providing Defendant with gabapentin or another equivalent medication for his condition. (Docket No. 571 at 2). Given that development, the Government submits that the primary basis for Defendant's Motion was resolved (fortunately) and does not provide a basis for temporary release under § 3142(i). (*Id.*). The Government maintains that temporary release is not otherwise warranted because "the *status quo* has not substantially changed since the Court's [January 29th Order]." (*Id.* at 3-4).

In Reply filed on March 3, 2021, Defendant acknowledges that he is receiving his medication, but asserts that his request for release is not moot because his medical care remains a relevant consideration, the COVID-19 outbreak at the ACJ still is ongoing, and there is no evidence that the facility is capable of containing it. (*See* Docket No. 578). The parties' briefing is complete and the matter is now ripe for disposition.

## II.     DISCUSSION

As stated, Defendant seeks immediate temporary release from pretrial detention pursuant to § 3142(i) of the Bail Reform Act, which provides in relevant part:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). The defendant bears the burden to establish that his temporary release is warranted under § 3142(i). *See United States v. Wilburn*, No. 2:18-CR-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020) (citations omitted). To meet this burden, the defendant must present an individualized argument why temporary release is appropriate, as generalized or speculative arguments are insufficient. *Id.; see also United States v. Carter*, Crim. No. 18-561-1, 2020 WL 3412571, at *5 (E.D. Pa. June 22, 2020) ("[F]or a movant to satisfy his burden of proof under

3

Section 3142(i), he must make an 'individualized and specific showing of a compelling reason[.]' There is no 'one-size-fits-all, blanket approach' to resolving this issue.") (internal citations omitted)).

Initially, Defendant's medical records from the ACJ confirm that he is receiving gabapentin to treat his diabetic peripheral neuropathy.[2] (*See* Docket No. 580). Accordingly, Defendant's argument concerning his medication does not constitute a compelling reason for temporary release at this juncture, as he acknowledges in his Reply brief. (*See* Docket No. 578 at 2) ("The ACJ's decision to reinstate Mr. Murrietta's medication may change this Court's analysis as to whether a compelling reason presently exists, however it does not render his request moot.").

Turning to consideration of Defendant's contention that temporary release is warranted because of a COVID-19 outbreak at the ACJ, this Court remains mindful that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify . . . release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). In view of this admonition, it is instructive that courts evaluating motions for temporary release under § 3142(i) in the COVID-19 era have considered the following factors: (1) the specificity of the defendant's stated COVID-19 concerns; (2) the original grounds for the defendant's pretrial detention; (3) the extent to which the proposed release plan is tailored to either mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *United States v. Wyche*, Crim. No. 20-266, 2021 WL 148520, at *3 (E.D. Pa. Jan. 15, 2021) (citing *Carter*, 2020 WL 3412571, at *6).

---

[2]  Defendant's medical records indicate that the United States Marshals Service contacted the ACJ on February 24, 2021, concerning the status of his gabapentin medication to inquire "what alternatives, if any, may be appropriate for his diabetic peripheral neuropathy." (Docket No. 580). On that same day, a doctor at the ACJ spoke with Defendant concerning his symptoms and determined that it was appropriate to "reinstitute" gabapentin to treat his condition. (*Id.*).

"The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a compelling reason exists such that temporary release is necessary."[3]  *Carter*, 2020 WL 3412571, at *6 (internal quotation marks and citation omitted).

First, as to the specificity of Defendant's COVID-19 concerns, for reasons previously stated in the January 29th Order, the Court finds that Defendant faces a non-speculative risk of contracting COVID-19 at the ACJ, considering his medical conditions of type 2 diabetes and obesity and the fact that there are active cases at the facility.[4]  *See* Docket No. 545 at 4-5; *United States v. Bolger,* Crim. No. 20-308-1, 2020 WL 7260769, at *5 (E.D. Pa. Dec. 9, 2020) (determining that a defendant with medical conditions placing him at an increased risk of severe illness from COVID-19 who was detained at a facility where 19 inmates and 12 staff members were positive faced a non-speculative risk of contracting the virus).

While the Court appreciates this risk, it is not a sufficiently compelling reason for Defendant's temporary release. Defendant concedes that his "medical condition has not significantly changed" since he filed his first motion for temporary release. (Docket No. 561 at 4). Defendant further acknowledges that he is now receiving gabapentin to treat the pain associated with his diabetic peripheral neuropathy, and his recent medical records from the ACJ confirm that medication is being administered. (Docket Nos. 578 at 1; 580). Otherwise, Defendant's medical

---

[3]   Additionally, in evaluating whether a defendant has established a compelling reason for temporary release under § 3142(i), the Court is cognizant that it should do so against the larger context of the Bail Reform Act as a whole. *See Wilburn*, 2020 WL 1899146, at *4 ("[W]hen the Court interprets 'compelling reason' it should do so against the backdrop of the Bail Reform Act as a whole. And if there is anything that permeates the Bail Reform Act, it is Congress's intent that courts consider the defendant's dangerousness and risk of flight when making detention determinations."); *Carter*, 2020 WL 3412571, at *6 (observing that "a motion seeking temporary release under 18 U.S.C. § 3142(i) also includes a consideration of the Bail Reform Act as a whole").

[4]   The number of COVID-19 cases at the ACJ has significantly decreased since Defendant filed his Motion and Reply, as eleven (11) inmates are currently positive for the virus. *See* https://www.alleghenycounty.us/jail/index.aspx (last visited Mar. 22, 2021).

records show that he is being seen by the ACJ medical staff for his conditions, which are being appropriately managed, and he does not have any current complications from his conditions. (Docket No. 580).  Given that Defendant's medical conditions appear to be well-controlled in his current situation, the Court cannot conclude that his health concerns constitute a compelling reason for release.  *See e.g., Bolger,* 2020 WL 7260769, at *5 (finding that a defendant's increased risk of severe illness from COVID-19 was not a sufficiently compelling reason for temporary release where the detention facility was providing him with appropriate treatment for his type 2 diabetes, obesity, hypertension, chronic bronchitis, and sleep apnea).

Second, even if the Court were to find Defendant's medical conditions sufficiently compelling, the original grounds for his pretrial detention, which were discussed at great length in the Court's December 23, 2020 Memorandum Opinion and Order granting the Government's motion to revoke the release order and repeated in its January 29th Order, (*see* Docket Nos. 472, 473, 545), continue to support his detention and are incorporated again here.[5]  Defendant has advanced nothing new in his current Motion to alter these findings, and therefore the Court is unable to conclude that conditions now exist which would assure Defendant's appearance and the safety of the community if he were to be released, even giving added weight and significance to the COVID-19 related concerns asserted by Defendant.  Overall, the relevant information and

---

[5]     Those reasons include the following: the charge Defendant faces raises the rebuttable presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community; even if Defendant satisfied his burden to rebut the applicable presumption, the available information and proffered evidence on each of the factors under 18 U.S.C. § 3142(g) weigh in favor of detention; the nature and circumstances of the offense involve a serious charge of conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine for Defendant's alleged involvement in transporting narcotics proceeds from the DTO's cocaine trafficking activities from the United States to Mexico; if convicted, Defendant faces a statutory mandatory term of not less than ten years and up to life imprisonment; while recognizing that Defendant is presumed innocent of the charged offense, the weight of the evidence against him favors pretrial detention; Defendant has no ties whatsoever to the Western District of Pennsylvania, he engages in frequent international travel and he faces a substantial penalty if convicted which provides incentive to flee; and release on bond would pose a serious risk of his continued drug trafficking activities.  (Docket No. 472 at 12-21).

evidence regarding the § 3142(g) factors outweigh Defendant's health concerns stemming from his controlled medical conditions.

Finally, if granted temporary release, Defendant previously proposed to return to his home in Arizona where his 22-year-old daughter would serve as a third-party custodian for him. (Docket No. 410 at 5). The Court reiterates its previously expressed concern about such an arrangement, given that Defendant is charged with an extremely serious drug trafficking offense. (*See* Docket No. 472 at 19). Further, as with his prior motion, Defendant has not explained how his proposed release plan is tailored to mitigate his risk of contracting COVID-19. As discussed in the January 29th Order, Defendant does not contend that he would receive better treatment for his medical conditions in Arizona, and it is unclear whether he has established medical providers available there to treat him. (Docket No. 545 at 7). The Court is aware that Defendant previously travelled to Nogales, Mexico multiple times per week for doctor's visits and to obtain medical prescriptions. As noted in the January 29th Order, even if Defendant were to be temporarily released, such travel to Mexico for medical care would be impossible considering the Court's finding that he presents a flight risk. (*Id.*). Additionally, engaging in such frequent international travel would be untenable in the current COVID-19 environment in light of Defendant's stated health concerns. To reiterate, although the Court is sympathetic to Defendant's health concerns, when balancing the relevant factors together as a whole, temporary release is not warranted under § 3142(i).

### III.    CONCLUSION

After careful consideration, the Court finds that Defendant's medical conditions, while serious, do not present a compelling reason for his temporary release. Even if Defendant's medical conditions constituted a compelling reason for his release, the Court concludes, after once again considering the factors in 18 U.S.C. § 3142(g), that there is no condition or set of conditions which

7

will adequately assure his appearance as required and the safety of the community. Accordingly, Defendant's Motion for temporary release from the ACJ will be denied without prejudice.

## ORDER OF COURT

AND NOW, this 22nd day of March, 2021, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Emergency Motion for Temporary Release Under 18 U.S.C. § 3142(i) (Docket No. 561) is DENIED WITHOUT PREJUDICE.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record